ROBERT EZRA (BAR NO. 68872)
robert.ezra@ffslaw.com
MARK B. MIZRAHI (BAR NO. 179384)
mark.mizrahi@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Plaintiff
COMPHY CO., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| COMPHY CO., INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COMFY SHEET; PRATIK JAIN, an individual doing business as Comfy Sheet,<br><br>Defendants. | Case No. 2:20-cv-03029-ODW (Ex)<br><br>**NOTICE OF MOTION AND MOTION OF COMPHY CO., INC. FOR MODIFICATION OF INJUNCTIVE RELIEF SET FORTH IN THE JUDGMENT BY DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Otis D. Wright II<br>Date: December 13, 2021<br>Time: 1:30 p.m.<br>Crtrm.: 5D |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 13, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Crtrm. 5D of the above-captioned Court, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, CA. 90012, Comphy Co., Inc. ("Comphy" or "Plaintiff") will and hereby does move this Court for modification of the injunctive relief portion of the Court's Judgment by Default (ECF No. 62), in the form of the [Proposed] Permanent Injunction (ECF No. 55), previously lodged with the Court by Comphy.

This Motion is made, pursuant to Federal Rules of Civil Procedure 54 and, if

applicable 60(b), in that the Judgment By Default does not specify with particularity the prohibited conduct and does not address all of the claims for relief set forth in the Second Amended Complaint.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court at the time of the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff submits that good cause exists for granting this motion for an order amending the Judgment By Default (ECF No. 62) to more specifically delineate the prohibited conduct, for the reasons set forth below.

In its Order Granting Plaintiff's Motion for Default Judgment (ECF No. 61), the Court set forth its detailed analysis underlying its decision granting judgment by default. Indeed, although the Court concluded that injunctive relief was "appropriate here to prevent irreparable injury to Comphy's interests", the Court's later issued Judgment by Default (ECF No. 62) merely states, in pertinent part relating to injunctive relief, that:

> "Pursuant to the Court's Order Granting Motion For Default Judgment (ECF No. 61), it is hereby ordered adjudged and decreed that:
>
> 3. Defendant is hereby **ENJOINED** and **PROHIBITED** from infringement of Plaintiff's trademark in the stylized "C" mark, United States Trademark Registration Number 5616144; and
>
> 4. Defendant is hereby **ENJOINED** and **PROHIBITED** from infringement of Plaintiff's trademark in the "The Comphy Co." mark, United States Trademark Registration Number 3,479,190."

These injunctive provisions, however, do not provide particulars as to what specific conduct complained of by Plaintiff constitutes infringement of these marks.

Plaintiff is concerned that the injunction as issued in the Judgment by Default may not be specific enough to clearly define to Defendants and their agents what constitutes the prohibited conduct. In addition, in the operative complaint, Plaintiff not only complained of infringement of the two above-described registered trademarks, but also alleged infringement of its common law rights in its various COMPHY-formative trademarks, *e.g.*, COMPHY and COMPHY SHEETS, under various federal, state, and common law trademark and unfair competition theories. In fact, as the Court acknowledges, "[t]aken together, Defendant's intent, the actual confusion engendered, and the remaining considerations under *Sleekcraft* provide ample support for the conclusion that Defendant's marks create a likelihood of confusion." (ECF No. 61, at p. 10.) The Court, likewise, acknowledges that "[t]he record is clear that the COMPHY mark is very similar to the name under which Defendant does business [Comfy Sheets]." *Id.*

Moreover, Plaintiff notes that, aside from awarding statutory damages under 35 U.S.C. §1125(d), the Judgment By Default does not enjoin Defendants from engaging in cyber piracy in connection with domain names incorporating or confusingly similar to Plaintiff's COMPHY and COMPHY SHEETS, e.g., <comfy-sheets.com> and the like.

Accordingly, Plaintiff respectfully requests that the Court supplement and amend its Judgment By Default with more detailed and specific injunctive language delineating, at least, that Defendants and their agents etc. shall be enjoined from engaging in the conduct delineated in the "Prayer" set forth in the operative Second Amended Complaint, set forth below[1]:

> Comfy Sheets, Pratik Jain individually and doing business as
> Comfy Sheet, and their respective agents, servants, employees, and all

---

[1] The content and verbiage of the [Proposed] Permanent Injunction (ECF No. 55) largely tracks the prayer for relief in the Second Amended Complaint.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

other persons who are in active concert or participation with any of the afore-described persons, who receive actual notice of this Judgment and Permanent Injunction, by personal service or otherwise, be enjoined preliminarily and permanently hereafter from:

1. Using either the word "comfy" or "comphy," alone or in combination with another word, e.g., "sheet," "sheets," "co," or "company," including without limitation the designations COMFY SHEETS, COMPHY BED AND BATH, COMPHY BABY, COMPHY FOR HOME, COMPHY FOR PROFESSIONALS, COMPHY TOUCH, or COMPHY SHEETS, on or in connection with any goods, services, url addresses, meta-tags, metadata, Internet search terms, website (including any third-party website), search terms, social media accounts (e.g., Facebook, Instagram, Twitter), or otherwise;

2. Marketing or offering for sale sheets, apparel, or blankets, directly or indirectly, through or on any store, sales platform, or marketplace (including without limitation, an online store, platform, or marketplace, such as the Amazon website or Amazon software applications), under the marks "comfy," "comfy company," or "comfy co.," "comphy," COMPHY BED AND BATH, COMPHY BABY, COMPHY FOR HOME, COMPHY FOR PROFESSIONALS, COMPHY TOUCH, or COMPHY SHEETS;

3. Offering for sale, soliciting sales, or selling any products under the designation Comfy, Comfy Sheets, Comphy, or Comphy Sheets, or any other COMPHY-formative designations as set forth in United States Patent and Trademark Registration Numbers 3479190 and 5616144 (collectively, the "COMPHY Trademarks"), or any mark, name, symbol, logo, configuration or other indicia that incorporates or is confusingly similar to the COMPHY Trademarks;

4. From infringing or contributing to the infringement of any of COMPHY Trademarks or associated trade names, or otherwise engaging in unfair competition with Plaintiff in any manner or engaging in any conduct tending to falsely represent or likely to confuse, mislead or deceive suppliers, purchasers, or any member of the public into thinking that one or more Defendants or any of their goods or services are affiliated with Plaintiff or that Plaintiff has otherwise sponsored, approved, or licensed any goods or services of Defendants;

5. Offering for sale, soliciting sales, or selling any goods falling into International Classes 24 or 25 of United States Patent and Trademark Office's trademark classification, including without limitation linens and bedding, towels, pads in the nature of bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, and table skirts and robes, in any medium, under any mark, name, symbol, logo, configuration or other indicia which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that one or more of the Defendants or their goods and/or services originate from Plaintiff, or that one or more of the Defendants or its/their agents, goods, and/or services are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff, or are connected in some way with Plaintiff or Plaintiff's COMPHY Trademarks;

6. Using false designations or from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring Plaintiff's COMPHY Trademarks or the goodwill associated therewith;

7. Manufacturing, importing, distributing, advertising, offering to sell or selling bedding or any goods bearing the COMPHY Trademarks, or any confusingly similar designations, including without limitation, Comfy and Comfy Sheets;

8. Using, registering, renewing, or transferring to any entity other than Plaintiff, or encumbering, or maintaining ownership of the domain name <comfysheets.com>, or undertaking any activities to promote or utilize that domain name, or any other domain name that includes any word or designation confusingly similar to Comphy, including without limitation, Comphy, Comfy and Comfy Sheets, or any alternate spellings thereof; and

9. Assisting, inducing, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (1) through (8) above, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) through (8) above.

FRCP 54 provides: "(c) Demand for Judgment; Relief to Be Granted. A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Accordingly, being that the relief sought in the [Proposed] Permanent Injunction (ECF No. 55) does not differ in kind from what is demanded in the pleadings, Plaintiff respectfully submits that the Court should modify the Judgment By Default to incorporate the provisions set forth in ECF No. 55.

While Plaintiff believes that the Court intended the judgment to be final on all claims as they are each addressed in the Order on plaintiff's Motion for Default Judgment (EFC No. 61), the Judgement By Default does not say it is a final

6
NOTICE OF MOTION AND MOTION OF COMPHY CO., INC. FOR MODIFICATION OF INJUNCTIVE RELIEF

judgment and as set forth above does not incorporate the relief sought for its claims of common law trademark, cyber piracy or unfair competition as pled in the SAC (ECF No. 38).  In light of this, Plaintiff submits that the demanding standards of Federal Rule of Civil Procedure 60(b) relating to grounds for relief from a final judgment, order, or proceeding, should not apply, here.

> Committee Notes on Rules—2015 Amendment Rule 55(c) is amended to make plain the interplay between Rules 54(b), 55(c), and 60(b). A default judgment that does not dispose of all of the claims among all parties is not a final judgment unless the court directs entry of final judgment under Rule 54(b). Until final judgment is entered, Rule 54(b) allows revision of the default judgment at any time. The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment.

Regardless, whether or not the Judgment By Default is final, Plaintiff submits that it has shown sufficient grounds for modifying that judgment.  By modifying the Judgment By Default, as prayed, there will be no doubt that the judgment is final as it addresses all the claims for relief that Plaintiff stated in its Second Amended Complaint (SAC). (ECF No. 38)

Furthermore, the Court previously issued an injunction against prior defendants in this action that is almost identical to the one sought against Defendants, here. In its initial complaint in this action, Plaintiff had sued JAGDISH CHANDERIYA, an individual doing business as The Comfy Company, and submitted a stipulated judgment for injunctive relief. The Court reviewed the stipulation and found it to be overbroad as specified in ECF No. 19. Accordingly the parties submitted a revised stipulation (ECF No. 20) to address the Court's concerns, which the Court thereafter entered (*see* ECF No. 21).

Accordingly, Plaintiff respectfully submits that the Court should modify the Judgment By Default to incorporate the provisions set forth in ECF No. 55.

Respectfully submitted.

DATED: November 11, 2021       FREEMAN, FREEMAN & SMILEY, LLP

By:    /s/ Robert Ezra
ROBERT EZRA
MARK B. MIZRAHI
Attorneys for Plaintiff
COMPHY CO., INC.