| | |
|---|---|
| **1** | ROBERT EZRA (BAR NO. 68872) |
| | robert.ezra@ffslaw.com |
| **2** | MARK B. MIZRAHI (BAR NO. 179384) |
| | mark.mizrahi@ffslaw.com |
| **3** | FREEMAN, FREEMAN & SMILEY, LLP |
| | 1888 Century Park East, Suite 1500 |
| **4** | Los Angeles, California 90067 |
| | Telephone: (310) 255-6100 |
| **5** | Facsimile: (310) 255-6200 |
| **6** | Attorneys for Plaintiff |
| | COMPHY CO., INC. |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| COMPHY CO., INC., a California corporation, | Case No. 2:20-cv-03029-ODW (Ex) |
| Plaintiff, | Hon. Otis D. Wright, II |
| vs. | **[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF COMPHY CO., INC.** |
| COMFY SHEET; PRATIK JAIN, an individual doing business as Comfy Sheet, | |
| Defendants. | |

Following the entry of the defaults of Defendants Comfy Sheet and Pratik Jain, an individual doing business as Comfy Sheet (collectively, the "Defendants"), Plaintiff Comphy Co., Inc. ("Comphy") applied for entry of default judgment against Comfy Sheet and Pratik Jain, an individual doing business as Comfy Sheet. After full consideration of all competent and admissible evidence, including the Notice of Motion and Motion for Default Judgment, the Declaration of Robert Ezra, the Declaration of Mia Richardson, the Declaration of Matthew Young, and the supporting Memorandum of Points and Authorities, the Court finds that Comphy has presented sufficient evidence to establish that Comphy is entitled to entry of default judgment against Comfy Sheet and Pratik Jain, an individual doing business as Comfy Sheet.

5245893.1

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF COMPHY CO., INC.

The court issued its judgment on September 22 2021 (Docket # 62). Comphy sought a modification of the judgment (Docket # 66) upon which the Court has not yet ruled.

Comphy and Defendants have meanwhile settled the issues regarding the judgment and specifically the injunction. whereas the Defendants has agreed to this injunction by stipulation .

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that Judgment is entered in favor of Comphy and against Defendants Comfy Sheet and Pratik Jain, an individual doing business as Comfy Sheet, jointly and severally as follows:

I.     **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

       A.     On March 12, 2021, Plaintiff filed its Second Amended Complaint ("SAC") (*see* Docket No. 38), naming Defendants and Does 1-5 as defendants.

       B.     The Court granted Plaintiff with leave to serve Defendants by transmitting a copy of the Summons and SAC via email (with a confirmation copy via US mail) to Defendants' current trademark attorney, Randy Michels. (*See* Docket No. 42.)

       C.     Despite having been properly served, the Defendants have failed to answer or otherwise respond to the SAC, within the time allotted under the Federal Rules of Civil Procedure or otherwise. Consequently, at the Court's direction, the Clerk of the Court duly entered default against those defendants. (*See* Docket Nos. 52 and 53.)

       D.     The Court has personal jurisdiction over the Defendants because they have committed intentional and tortious acts, and conducted substantial business related to the unlawful activity complained of, within California.

       E.     Plaintiff is the exclusive owner of the COMPHY Trademarks and that

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

5245893.1

2

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF COMPHY CO., INC.

such marks are valid and enforceable; as used herein, the term "COMPHY Trademarks" means COMPHY, C COMPHY (in design) that is the subject of U.S. Trademark Registration No. 3,479,190, COMPHY COMPANY, and COMPHY SHEETS.

F. Plaintiff has prior and superior rights to use the COMPHY Trademarks vis-à-vis Defendants in connection with linens and bedding, namely, towels, pads in the nature of bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, and table skirts, and apparel goods throughout the United States.

G. Plaintiff has developed widespread goodwill, recognition and secondary meaning for its COMPHY Trademarks.

H. Defendants' goods, which feature the Comfy Sheet(s) designation, are such that prospective purchasers or consumers of the goods of Defendants and the goods of Plaintiff are likely to be confused as to source of the parties' respective goods and/or as to the association and/or connection between Defendants and Plaintiff.

I. By using the designations Comfy, Comfy Sheet, and Comphy Sheets, Defendants have violated 15 U.S.C. §1114, 15 U.S.C. §1125(a), and the common law, have infringed Plaintiff's COMPHY Trademarks, have unfairly competed with Plaintiff by falsely designating the origin of its products, and have engaged in other acts of unfair competition.

J. By registering the domain name <comfysheets.com> and using it to divert web traffic away from Plaintiff to Defendants, Defendants have acted in bad faith, in violation of 15 U.S.C. §1125(d).

## II. PERMANENT INJUNCTION

Comfy Sheets, Pratik Jain individually and doing business as Comfy Sheet, and their respective agents, servants, employees, and all other persons who are in active concert or participation with any of the afore-described persons, who receive

5245893.1

3

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF COMPHY CO., INC.

actual notice of this Judgment and Permanent Injunction, by personal service or otherwise, be enjoined preliminarily and permanently hereafter from:

    **A.**    Using either the word "comfy" or "comphy," alone or in combination with another word, e.g., "sheet," "sheets," "co," or "company," including without limitation the designations COMFY SHEETS, COMPHY BED AND BATH, COMPHY BABY, COMPHY FOR HOME, COMPHY FOR PROFESSIONALS, COMPHY TOUCH, or COMPHY SHEETS, on or in connection with any goods, services, url addresses, meta-tags, metadata, Internet search terms, website (including any third-party website), search terms, social media accounts (e.g., Facebook, Instagram, Twitter), or otherwise;

    **B.**    Marketing or offering for sale sheets, apparel, or blankets, directly or indirectly, through or on any store, sales platform, or marketplace (including without limitation, an online store, platform, or marketplace, such as the Amazon website or Amazon software applications), under the marks "comfy," "comfy company," or "comfy co.," "comphy," COMPHY BED AND BATH, COMPHY BABY, COMPHY FOR HOME, COMPHY FOR PROFESSIONALS, COMPHY TOUCH, or COMPHY SHEETS;

    **C.**    Offering for sale, soliciting sales, or selling any products under the designation Comfy, Comfy Sheets, Comphy, or Comphy Sheets, or any other COMPHY-formative designations as set forth in United States Patent and Trademark Registration Numbers 3479190 and 5616144 (collectively, the "COMPHY Trademarks"), or any mark, name, symbol, logo, configuration or other indicia that incorporates or is confusingly similar to the COMPHY Trademarks;

    **D.**    From infringing or contributing to the infringement of any of COMPHY Trademarks or associated trade names, or otherwise

5245893.1

4

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF COMPHY CO., INC.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

engaging in unfair competition with Plaintiff in any manner or engaging in any conduct tending to falsely represent or likely to confuse, mislead or deceive suppliers, purchasers, or any member of the public into thinking that one or more Defendants or any of their goods or services are affiliated with Plaintiff or that Plaintiff has otherwise sponsored, approved, or licensed any goods or services of Defendants;

E. Offering for sale, soliciting sales, or selling any goods falling into International Classes 24 or 25 of United States Patent and Trademark Office's trademark classification, including without limitation linens and bedding, towels, pads in the nature of bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, and table skirts and robes, in any medium, under any mark, name, symbol, logo, configuration or other indicia which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that one or more of the Defendants or their goods and/or services originate from Plaintiff, or that one or more of the Defendants or its/their agents, goods, and/or services are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff, or are connected in some way with Plaintiff or Plaintiff's COMPHY Trademarks;

F. Using false designations or from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring Plaintiff's COMPHY Trademarks or the goodwill associated therewith;

G. Manufacturing, importing, distributing, advertising, offering to sell or selling bedding or any goods bearing the COMPHY Trademarks, or any confusingly similar designations, including without limitation,

5245893.1

5

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF COMPHY CO., INC.

Comfy and Comfy Sheets;

**H.** Using, registering, renewing, or transferring to any entity other than Plaintiff, or encumbering, or maintaining ownership of the domain name <comfysheets.com>, or undertaking any activities to promote or utilize that domain name, or any other domain name that includes any word or designation confusingly similar to Comphy, including without limitation, Comphy, Comfy and Comfy Sheets, or any alternate spellings thereof; and

**I.** Assisting, inducing, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (1) through (8) above, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (H) above.

### III. RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED THAT** this Court shall retain jurisdiction to the extent necessary to enforce this Judgment, and to determine any issues that may arise hereunder. If one or more of the Defendants violates any terms of this Judgment, Plaintiff shall have the right to reopen this action upon motion or application. If the action is reopened, Plaintiff shall not be precluded from pursuing any remedies it may have against Defendants and shall be entitled to recover any of its costs and attorneys' fees for further prosecution of this action.

SO ORDERED.

DATED: _____. 2022

_____
UNITED STATES DISTRICT JUDGE